Good morning, may it please the court. My name is Sean Reardon. I represent Mr. Gilmore. Sandra Gillies represents Mr. Hemsley. I'm going to take about four minutes and cover the factual background as well as the state law compliance standard and our plan is for Ms. Gillies to take about four minutes and cover the evidentiary hearing and burden issues. Plainly stated, California medical marijuana law in its full and strict application requires nothing more than substantial compliance and that is the standard that the court should look to as to the threshold question of what law applies when a district court faces a question like the ones that we have presented in the motion below. The appellants have made a prima facie showing that they substantially complied with California medical marijuana law The appropriate action is for this court to remand for an evidentiary hearing in order to determine if the government can meet its ultimate burden. Breyer. 542 doesn't ban the Department of Justice from prosecuting medical marijuana cases on Federal land, no? What is the significance? This is on Federal land, right? You're not even disputing that. I mean, you didn't concede it, but you didn't put any evidence to the contrary. No, we didn't. Although, if the case were remanded, I believe it would be appropriate to look more closely at the question of whether it was, in fact, Federal land. However, we The district judge made that finding, though, right? On an incomplete record, Your Honor. We have never had a hearing where that issue mattered at the initial trial. Let's just assume that it's Federal land. So is there any California law that would be the How did we put it in McIntosh? That would prevent the State from its laws authorizing use, distribution, possession, or cultivation? I mean, the There's nothing. I didn't see anything in the briefing saying that California says, go ahead and do whatever you want on Federal land. No. And certainly, that would pose an interesting, unique question all in its own, Your Honor. But as McIntosh makes clear I think the Supremacy Clause would take care of that. But if it's on Federal land, isn't that the end of the case? No, Your Honor. Why not? Because the precise question that needs to be resolved at the evidentiary hearing is whether, in fact, as the defendants, the appellants assert, the presence on Federal land was completely inadvertent. Why? Why is that the question? It doesn't make any difference. Yeah, why? It makes all the difference in the world. So California law, and this is getting back to Judge Adelman's question just a moment ago, California law has nothing to say about what happens if you happen to grow marijuana, medical marijuana, on your neighbor's land, if you happen to grow it on State public land, or if you happen to grow it on Federal land. In light of the law's silence But the Federal government says a lot, right? The Federal law says the use, occupancy, or development of any portion of the public lands, meaning Federal lands, contrary to any regulation of the Secretary, is unlawful and prohibited. So this is Federal land, and we're looking at Federal law, and Federal law doesn't care whether it's inadvertent or not. So the only question would be whether McIntosh says anything about intent, but it doesn't. It doesn't affect intent standard at all. The Federal law that Your Honor just cited concerning the Federal authority over its own property, of course, is relevant to a supremacy issue. We're not looking at that here. What we're looking at under the essential inquiry under McIntosh is whether State law would provide a defense against prosecution. McIntosh emphasizes this point, that the Federal government prevents the State from implementing its own medical marijuana laws if somebody who could not be prosecuted in State court because they would have a defense under medical marijuana law is prosecuted in Federal court. But how does that apply if it's not on State law or State land? I mean, if it's – I mean, how does this medical – California medical marijuana law, how does that apply at all here? Again, it goes to the inadvertence question and the fact that the State law standard is substantial compliance. If California – So California – so I take it you're arguing about whether it prevents California from giving practical effect to its laws if the Federal government can stop people who inadvertently grow marijuana on Federal land. Is that your view? It's – I wouldn't pose the question that way. Our view is that California medical marijuana law would provide a complete defense at trial because of the mistake that was made here, the inadvertent presence on Federal land. That still allows the defendants to substantially have complied with California law. But we're just asking whether the Federal government can use money to enforce Federal drug law when someone is planting marijuana on Federal land. I mean, that's really the only question, right? Because McIntosh only says – is interpreting the appropriations rider. Yes, Your Honor. The question is actually, however, whether State law provides a defense. If State law would provide a defense – Why is that? If State law would provide a defense, and this is what McIntosh says specifically, then the Federal process – How can it apply a defense if you're growing it on Federal land? I don't understand how that – Well, I can start, and Kleinman says you go count by count. So let's start with the conspiracy count. So under California's medical marijuana law, if somebody is accused of conspiring to grow medical marijuana, to grow marijuana, and they have a medical marijuana defense, and they present at the threshold evidence making out of prima facie showing that they did not intend to violate the State's medical marijuana laws, then the burden would shift to the prosecution to prove beyond a reasonable doubt that they did not substantially comply and that they, in fact, had the intent to violate those laws. And so if you start from that building block, that the inquiry is substantial compliance, and specific to conspiracy, the substantial compliance inquiry encompasses an intent inquiry, then the inadvertence matters completely. And the same goes for the substantive count, where if you're looking at the substantive count, you again look to California's State medical marijuana law to determine whether somebody who thought that they were on private property, and the record is replete with information about the people who organized this growth thinking that it was on private property, that if that's true, then they, in fact, did comply with California medical marijuana law. So I can see how that might help you in California State court, but I don't see how that prevents the Federal government from prosecuting use of Federal lands and why that creates a, interferes with the practical, whatever we said, the practical effect of California's laws. Fisherman. Plainly stated, Your Honor, it's because this Court doesn't apply Federal law in answering that question. It only applies State law. McIntosh. Why would we do that? I mean, we're only looking at whether the expenditure of funds prevents California from giving practical effect to its laws, and if what's happening is growing marijuana on Federal land, it's hard to see why prosecuting that would prevent California from giving practical effect to its laws relating to whatever it was, use, distribution, possession, or cultivation. Again, McIntosh said that we look to State law. So Kutzvei said that as well, as did Glorin. I'd like to reserve our last few minutes for rebuttal. Okay. Thank you. We'll hear from the government. Good morning, and may it please the Court. Greg Broderick for the United States. I think you've got it just right, Judges Akuta and Adelman. The question here is whether the spending limit, as interpreted by this Court in McIntosh, that spending limit only applies, it only bars the prosecution of the manufacture of marijuana in a way that is authorized by State medical marijuana law. They don't even argue. At page six of their reply, they make it clear that they're not arguing that California law authorizes the growing of marijuana on Federal land. And as you pointed out, the prosecution of marijuana crimes, especially cultivation on Federal land, does not prevent the State from implementing whatever State laws it has about medical marijuana. I have a lot to say about this. We've briefed it extensively. I'm happy to answer any questions that the Court might have, but I don't know that we need to add anything beyond that. I don't think so. Thank you. Thank you. Your Honor, to respond briefly to the government's first point about the prevention of the State implementing its medical marijuana program, again, McIntosh looks specifically to whether State law would allow for the person who's being charged in Federal court, if they were in State court, to raise a defense against prosecution This is at Penn site 1186 and 1187 of the McIntosh case. That is the core of the Court's inquiry. The core of the Court's inquiry is not looking to Federal control over its land. Now, obviously, that has some potential appeal here. I don't believe that the panel would be asking the questions it is if it didn't. We recognize that. But nonetheless, the inquiry has already been set out in the cases so far to have a bipartisan appropriations rider that we're talking about here. And that inquiry is a State law inquiry. We already note Federal law prohibits the cultivation of marijuana no matter where it is, whether it's on Federal land, private land, State land, what have you. Now, to get back very briefly to the issue of the nature of the land, again, there has never been a hearing before the District Court where this question mattered. At trial, this was not an element of the crime, and so there was no reason for the defense to contest it. It's simply not the basis for the District Court's decision, though, no? I'm sorry, Your Honor. I'm talking about at the initial trial where there was a mistrial. Now, it was the basis for the District Court's decision, but the District Court erred by failing to analyze State law and assuming that simply because the land was Federal that that precluded the rest of the inquiry. Now, I would refer the Court to the supplemental excerpt of Record 69. If this doesn't illustrate the sort of factual issue about the nature of the land, I don't know what does. You can see in that there's a yellow rectangle sticking out from the east that indicates a purported demarcation of the Federal boundary here. That, you know, the oddness of that boundary in and of itself sitting on the map like that ought to give the Court pause as to whether, A, a hearing is necessary to determine in the first instance whether, in fact, yes, Your Honor, this is. I'm just running out. Yes. In fact, it's over. Okay. Thank you, Your Honor. Okay. Thank you. Thank you, counsel. The matter is submitted. Thank you, Your Honor.
judges: Paez, Ikuta, Adelman